## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**LASEDRICK M. ROSS,**

     **Petitioner,**

**v.**                                **Case No. 4:14cv64-MW/CAS**

**JULIE L. JONES, Secretary,**
**Department of Corrections,[1]**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On February 6, 2014, Petitioner Lasedrick M. Ross, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1 at 3-17.   After direction by this Court, Petitioner filed an amended § 2254 petition.   ECF No. 8.   On February 9, 2015, Respondent filed an answer, with exhibits.   ECF No. 16.   Petitioner filed a reply on May 13, 2015.   ECF No. 19.

---

[1]The Clerk of Court shall substitute Julie L. Jones, as Secretary of the Florida Department of Corrections, for Michael D. Crews.   Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).   After careful consideration

of all issues raised, the undersigned has determined that no evidentiary

hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov.

§ 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the

pleadings and attachments before the Court show that Petitioner is not

entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

By information filed April 21, 2008, in case number 08CF01290, the

State of Florida charged Petitioner, Lasedrick M. Ross, with one count of

lewd or lascivious battery, a second degree felony in violation of section

800.04(4)(a), Florida Statutes, in connection with events that took place

between January 1, 2008, and April 18, 2008.   Ex. A at 1.[1]   Ross

proceeded to a jury trial on February 5, 2009, before Judge Angela C.

Dempsey.   Ex. C (trial transcript).   The jury found him guilty.   Ex. A at 35;

---

[1]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted
with Respondent's answer, ECF No. 16.

Ex. C at 187-88.   On March 11, 2009, the court adjudicated him guilty and sentenced him to ten (10) years in prison, followed by five (5) years of sex offender probation, with credit for 173 days.   Ex. A 40-47; Ex. D at 13-15.

Ross appealed his conviction and sentence to the First District Court of Appeal (DCA), assigned case number 1D09-1408.   Ex. E (Initial Brief); Ex. F (Answer Brief); Ex. G (Reply Brief).   On March 3, 2010, the First DCA issued a written opinion affirming the case.   Ex. H; Ross v. State, 31 So. 3d 858 (Fla. 1st DCA 2010).   Ross filed a motion for rehearing en banc, Ex. I, which the First DCA denied by order on April 6, 2010, Ex. J. The mandate issued April 22, 2010.   Ex. K.

On May 25, 2011, Ross filed a pro se motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 in the state trial court. Ex. L at 1-22 (exclusive of exhibits).   The state post-conviction court, Judge Jackie Fulford, summarily denied relief by order rendered November 18, 2011.   Id. at 77-80 (exclusive of attachments).   Ross thereafter filed a motion to supplement his Rule 3.850 motion, a motion for rehearing, and a supplement to the motion for rehearing.   Ex. M at 225-38 (motion to supplement), 239-41 (motion for rehearing), 242-46 (supplement to motion

for rehearing).   By order rendered February 8, 2012, Judge Fulford

granted the motion for rehearing and denied Ross's supplemented Rule

3.850 motion.   Ex. M at 247-48.

Ross appealed, pro se, to the First DCA and filed an initial brief in

case number 1D12-4253.   Ex. N.   The State filed a notice that it would not

file an answer brief.   Ex. O.   Ross filed a petition for writ of mandamus in

the First DCA, Ex. P, and a "Suggestion for Certification," Ex. Q, both of

which the court denied by order dated February 28, 2013, Ex. R.   Also on

February 28, 2013, the First DCA per curiam affirmed the appeal without a

written opinion.   Ex. S; Ross v. State, 109 So. 3d 788 (Fla. 1st DCA 2013)

(table).   The mandate issued March 26, 2013.   Ex. T.

In the meantime, on January 28, 2013, Ross filed another petition for

mandamus in the First DCA, assigned case number 1D13-591.   Ex. X.   In

response to a show cause order by the court, Ross filed a supplement to

his petition.   Ex. Y (order), Z (supplement).   By order on March 21, 2013,

the First DCA converted the petition to one seeking a writ of habeas

corpus.   Ex. AA.   Ross filed a Notice of Supplemental Authority and an

Appendix Supplement.   Ex. BB, CC.   On May 1, 2013, the First DCA

dismissed the petition, with a citation to <u>Baker v. State</u>, 878 So. 2d 1236 (Fla. 2004).   Ex. DD.   Ross filed a motion for rehearing and clarification, Ex. EE, which the First DCA denied by order on June 11, 2013, Ex. FF.

Meanwhile, on April 26, 2013, Ross filed a petition to invoke all writs jurisdiction in the Florida Supreme Court.   Ex. U.   Ross sought to consolidate and hold in abeyance his petition for writ of habeas corpus and stay the ruling on his petition to involve all writs jurisdiction.   Ex. V.   By order on October 7, 2013, the Florida Supreme Court dismissed the petition to invoke all writs jurisdiction, for lack of jurisdiction, and denied the motion to consolidate and hold in abeyance the petition for writ of habeas corpus. Ex. W.

After his proceedings seeking review of the denial of his Rule 3.850 motion concluded in the First DCA, Ross filed a petition for writ of mandamus in the Florida Supreme Court.   Ex. GG.   The Florida Supreme Court treated the case, number SC13-1349, as one seeking reinstatement of the proceedings in the First DCA.   Ex. HH.   On December 27, 2013, the Florida Supreme Court denied and dismissed the petition.   Ex. II.   Ross sought certiorari review in the U.S. Supreme Court, Ex. JJ, which denied

the petition on October 7, 2013, Ex. MM.

In the meantime, Ross had filed, on June 17, 2013, a pro se petition for habeas corpus in the state trial court.   Ex. NN at 1-24.   By order rendered July 10, 2013, the state court denied the petition, finding it frivolous and successive, and also warning Ross about filing additional frivolous motions.   *Id.* at 30.   Ross appealed the order and ultimately filed a brief in the First DCA, assigned case number 1D13-4930.   Exs. OO, PP, QQ, RR, WW.   The State filed an answer brief.   Ex. XX.   Ross filed a reply brief.   Ex. YY.   On August 18, 2014, the First DCA affirmed the appeal and wrote "only to warn Appellant, much like the trial court did" that "additional collateral attacks on this conviction and sentence, if again successive and improper, may result in sanctions."   Ex. ZZ; <u>Ross v. State</u>, 145 So. 3d 207 (Fla. 1st DCA 2014).   The mandate issued September 15, 2014.   Ex. AAA.

On December 25, 2013, Ross filed a pro se petition for writ of certiorari in the First DCA, with an appendix and supplement, assigned case number 1D13-6174.   Exs. BBB, CCC, DDD.   The First DCA ultimately dismissed the petition without a written opinion on March 7,

2014.  Ex. GGG; *see* Exs. EEE, FFF.  Ross filed a motion for rehearing

and clarification, Ex. HHH, which the First DCA denied on April 9, 2014, Ex.

II.  The mandate issued April 25, 2014.  Ex. JJJ.

As indicated above, Ross filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 in this Court on February 6, 2014.  ECF

No. 1.  He subsequently filed an amended § 2254 petition.  ECF No. 8.

He raises four grounds:

(1)  "Involuntary statement denied Petitioner's due process and right
not to be a witness against self," where Petitioner was never given
warnings pursuant to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966),
and he was under the influence of a prescribed pain killer at the
time of his confession.  *Id*. at 5.

(2)  "The courts lack jurisdiction to impose the order, whereby the
Petitioner is being detained."  *Id*. at 6.

(3)  "'Local custom' concerning plea of not guilty is unconstitutional,"
where Petitioner was denied the right to proper notice and
pleadings.  *Id*. at 7.

(4)  "Erroneous jury instruction," where there was no tangible
evidence and the "overt act and element of penetration is not
established."  *Id*. at 9.

Respondent has filed an answer, with exhibits.  ECF No. 8.  Petitioner has

filed a reply.  ECF No. 19.

Case No. 4:14cv64-MW/CAS

## <u>Analysis</u>

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.   Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1398

(2011); <u>Williams v. Taylor</u>, 529 U.S. 362 (2000); <u>Gill v. Mecusker</u>, 633 F.3d

1272 (11th Cir. 2011).   "This is a 'difficult to meet' and 'highly deferential

standard for evaluating state-court rulings, which demands that state-court

decisions be given the benefit of the doubt.'"   <u>Cullen</u>, 131 S.Ct. at 1398

(quoting <u>Harrington v. Richter</u>, 131 S.Ct. 770, 786 (2011), and <u>Woodford v.</u>

Visciotti, 537 U.S. 19, 24 (2002)).   This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."   Cullen, 131 S.Ct. at 1388.

## Ground 1:   Involuntary Statement

In his first ground, Petitioner Ross argues his statement to investigators was involuntary because he was not given Miranda warnings and he was under the influence of a prescription painkiller.   ECF No. 8 at 5.   Ross raised this claim in state court as the second point in his direct appeal:   "The trial court erred in denying suppression of a confession obtained without Miranda warnings while Ross was functionally in custody." Ex. E at i; *see id.* at 11-18.   The First DCA issued an opinion affirming the case, but did not discuss this point.   Ex. H; Ross v. State, 31 So. 3d 858, 859 (Fla. 1st DCA 2010).   The state court's ruling is entitled to deference and review is limited to the record before the state court.   *See* Cullen, 131 S.Ct. at 1388.

The record supports the state court's determination.   The record reflects that, just prior to the start of the trial, the court heard argument and testimony regarding a motion to suppress the statements Ross made at the police station regarding the incident giving rise to the charge in the case.

Specifically, on the morning of the trial, defense counsel filed a motion to

suppress the statements arguing they were involuntary because (1) he was

on prescription pain medication and (2) he was not given Miranda

warnings.   Ex. C at 4-5.   The court heard argument of counsel and

proffered testimony from the Tallahassee Police Department Investigator

who took Ross's statement and from Ross.   *Id.* at 9-17, 17-21.   The court

then denied the motion to suppress, making findings on the record that

Ross was not in custody for Miranda purposes at the time of his statement

and he was not under the influence of medication to the extent that it

rendered his statement involuntary:

> Okay.   After I listened to the CD [recording of the
> interview] yesterday, I also reviewed the case law, and one of
> the cases that I found helpful was Schonewetter v. State . . . .
> It's a Florida Supreme Court case.   It's found at 931 So.2d
> 857.   And in that case the defendant voluntarily came down to
> the police station, although I think he rode down there in a
> police vehicle.   He was not told he was under arrest and was
> not handcuffed.
>
> Mr. Ross, in this case, I find that there was no coercive
> police conduct, and based on the totality of the circumstances,
> he was not in custody.   In fact, was even told he was free to
> leave several times and would not be arrested.   So, I think it's
> pretty clear he was not in custody from Miranda purposes.
>
> Related to the issue that he was on medication, today is
> the first time there has been any mention of that.   This motion
> to suppress, of course, was filed today and the issue was

raised the other day at jury selection.   But when I asked the
defense to put the State on notice of what issues would be
raised today, that issue was not raised.   And I find the
defendant's testimony on that issue is – is not that credible on
the tape.

He does talk sort of low and maybe mumbles a little bit,
but he did that today in the courtroom as well.   So, I'm going
to, based on all of that, I'm going to deny your motion to
suppress. . . . I don't believe there is credible evidence that he
was under the influence of any medications to the extent that it
affected the voluntariness of the statement.

*Id.* at 27-28.   The investigator's testimony supports the court's finding that

Ross was not in custody and was told he was free to leave:

Q   Okay.   Now, through the course of your employment, did
you have occasion to come in contact with the defendant on
April of 7th of 2008?

A   Yes, sir, I did.

Q   Okay.   Was the defendant invited to come to the
Tallahassee Police Department to give a statement to you?

A   No, sir.

Q   How did you happen to come going [sic] to have contact
with the defendant?

A   I had attempted to make contact with him at an address that
was listed for him in a report earlier in the day and the person I
made contact with at that location said they didn't know who he
was, so I had not spoken to him or anything about the case.
Later that afternoon, I was at the office and I heard that the
defendant was at the station wanting to give a statement and so
–

Q   So he showed up on his own?

A   Yes.

Q   He was not under arrest?

A   No, sir.

Q   Was he ever placed in handcuffs?

A   No, sir.

Q   Okay.   And did you – did you take a statement from him, basically?

A   I did.

Q   Okay.   Now, you've had an opportunity to listen to a copy of the taped statement he provided; correct?

A   Yes, sir.

Q   That's a fair and accurate depiction of the conversation that occurred between you and him on that day; correct?

A   Yes, sir, it is.

Q   Okay.   Was the defendant ever advised of his Miranda rights?

A   No, sir.

Q   Okay.   Was he free to leave?

A   Yes, he was.

Q   Now, on the tape do you tell him several times that he is

free to leave?

A   Yes, sir.

Q   At one point on the tape, do you also tell him regardless of what he tells you today he is going home?

A   Yes, sir.

Q   Okay.   Now, the statement that he was providing was that regarding him being a victim in a case?

A   Yes, sir, the initial statement was.

Q   Okay.   Could you give us a little bit of background just so the record is clear as to how he became a victim?

A   My understanding is that the night the incident was reported, the incident regarding this case, was the defendant was the victim of an aggravated battery where he was stabbed by the victim in this case's mother once she learned about the allegation.

Q   The victim's mother in the case went over and confronted the defendant –

A   Yes, sir.

Q   -- and he received a stab wound; correct?

A   Yes, sir.

Q   Okay.   Now, the defendant made statements to you regarding having sex with the victim in the case?

A   Yes, sir, he did.

Q   Okay.   Did he admit to you on the record that he, in fact,

had sex with the victim in the case?

A   Yes, sir.

Q   Okay.   After he did that, did you place him under arrest?

A   No, sir.

Q   Was he ever placed in handcuffs?

A   No, sir.

*Id.* at 9-12.   Because Ross showed up voluntarily, was free to leave, and was not in custody, Miranda warnings were not required.   *See* Miranda, 384 U.S. at 477-79 ("The principles announced today deal with the protection which must be given to the privilege against self-incrimination when the individual is first subjected to police interrogation while in custody at the station or otherwise deprived of his freedom of action in any significant way. . . . Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. . . . There is no requirement that police stop a person who enters a police station and states that he wishes to confess to a crime, or a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today." (footnote

omitted)); *see also, e.g.*, <u>Schoenwetter v. State</u>, 931 So. 2d 857, 866-67 (Fla. 2006).

Petitioner Ross has not shown that the state court's adjudication of this ground involved an unreasonable application of clearly established federal law or that it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, this ground should be denied.

<u>**Ground 2**</u>**:   Trial Court Lacked Jurisdiction**

In his second ground, Petitioner Ross asserts the state trial court lacked jurisdiction, "no valid complaint exists, no material witness testimony/affidavit exist[s] nor does a charging instrument as prescribed by the Statutes or Constitution of Fla. Exist to properly charge a crime."   ECF No. 8 at 6.   As Respondent points out, this claim is purely of state law and not cognizable in a federal habeas proceeding.   *See* ECF No. 16 at 11.

The information identified Ross as the defendant and charged him with one count of lewd or lascivious battery, a second degree felony:

COUNT I:   Between January 1, 2008 and April 18, 2008, did unlawfully engage in sexual activity with [T.S.B.], a person 12 years of age or older but less than 16 years of age, by penetrating her vagina with his penis, contrary to Section 800.04(4)(a), Florida Statutes.

Ex. A at 1.   Indeed, to the extent Ross challenges the charging information, such is governed by Florida Rule of Criminal Procedure 3.140(o), which provides that the information must not be "so vague, indistinct, and indefinite as to mislead the accused and embarrass him . . . in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense." Fla. R. Crim. P. 3.140(o); *see* Carbajal v. State, 75 So. 3d 258, 262-63 (Fla. 2011) (citing Rule 3.140(o) and explaining that "while a charging instrument is essential to invoke the circuit court's subject matter jurisdiction, 'defects in charging documents are not always fundamental where the omitted matter is not essential, where the actual notice provided is sufficient, and were all the elements of the crime in question are proved at trial'" (quoting State v. Gray, 435 So. 2d 816, 818 (Fla. 1983))).

Moreover, to the extent Ross asserts the state court erred in any decision concerning the Florida rule, "federal habeas corpus relief does not lie for errors of state law."   Lewis v. Jeffers, 497 U.S. 764, 780 (1990); *see* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (explaining that errors that do not infringe on defendant's constitutional rights provide no basis for federal habeas corpus relief).   "A state's interpretation of its own laws or

rules provides no basis for federal habeas corpus relief, since no question

of a constitutional nature is involved."   <u>Carrizales v. Wainwright</u>, 699 F.2d

1053, 1055 (11th Cir. 1983); *accord, e.g.*, <u>McCullough v. Singletary</u>, 967

F.2d 530, 535 (11th Cir. 1992).   *See also, e.g.*, <u>Heath v. Jones</u>, 863 F.2d

815, 821 (11th Cir. 1989) ("The sufficiency of a state indictment is an issue

on federal habeas corpus only if the indictment was so deficient that the

convicting court was deprived of jurisdiction.   That is not the case

presented here.   An examination of the indictment . . . shows that it

incorporated the elements of the offense of armed robbery, named the

complaining witness and sufficiently described the circumstances of the

alleged robbery.   The indictment was not fatally defective, for it adequately

informed Heath of the charge he was called upon to defend, and the state

trial court was not deprived of jurisdiction.").   Accordingly, this ground

should be denied.

### <u>Ground 3</u>:   "Local Custom" Concerning Not Guilty Plea

In his third ground, Petitioner Ross alleges:

The plea and local custom denied [him] the right to proper
notice and pleadings.   No charge had been made when the
Court accepted it.   The Petitioner did not authorize the waiver
of his right to be present at arraignment.   Such prevented
objections and motions that could have been filed and bars
relief under the Rule of Court Procedures.

ECF No. 8 at 7.   The record reflects defense counsel entered a written

conditional plea of not guilty on Ross's behalf on April 14, 2008.   Ex. A at

11.   The charging information was filed April 21, 2008, and this appears to

be the basis of Ross's argument – that defense counsel entered his not

guilty plea before the charging information was filed.   *Id*. at 1.   As the

written plea itself acknowledged, however,

>         In this county it has long been the custom for the Public
> Defender to file a written plea of not guilty before being
> furnished with a copy of the information, to waive the
> appearance of clients at arraignment, and to enter pleas of not
> guilty immediately upon being appointed.   Doing that has
> saved transporting prisoners for a routine court appearance and
> has helped speed the arraignment procedure.
>
>         This written plea of not guilty is offered in accordance with
> local custom, and for the convenience of the Court, the Sheriff,
> and the client.   It is not intended to waive any motions,
> objections or defenses that could or otherwise should be made
> at or before arraignment.   Defendant therefore specifically
> reserves the right to file any motion, including motions under
> Florida Rule of Criminal Procedure 3.140(g), for a reasonable
> time after arraignment.
>
>         Should the defendant be deemed to be waiving, forfeiting
> or abandoning any motions or defenses by tendering this plea,
> then the plea is automatically withdrawn and renounced.

*Id*. at 11.   As explained above, matters of state rule and law provide no

basis for federal habeas corpus relief.   This ground should be denied.

### <u>Ground 4</u>:   **Erroneous Jury Instruction**

In his fourth ground, Petitioner Ross alleges the trial court gave an erroneous jury instruction where "[t]here is no tangible evidence, i.e., affidavits of any material witness or doctor or record of examination" and "[t]he overt act and element of penetration is not established."   ECF No. 8 at 9.   Ross further alleges "[t]he theory of 'union' requires no examination" and "[t]o instruct a jury of such is unfair especially when the verdict form is generalized."   *Id.*   In his direct appeal, Ross asserted, as the first point, "fundamental error resulted from a general guilty verdict following instruction on an alternative element not charged."   Ex. E at i.   In particular, he argued that the State had charged him with lewd or lascivious battery by penile-vaginal penetration; however, the trial court instructed the jury that it could find him guilty if the State proved either penetration (as charged) or union (defined as contact).   *Id.* at 8, 9.   He concluded this resulted in fundamental error and warranted reversal based on <u>Eaton v. State</u>, 908 So. 2d 1164 (Fla. 1st DCA 2005).   *Id.* at 8, 9-10.   The First DCA addressed this argument in its opinion affirming the case:

> In this direct criminal appeal, appellant claims that the trial court committed fundamental error by instructing the jury that it could convict appellant of lewd or lascivious battery by finding sexual penetration or union when the information alleged only

sexual penetration.   In Eaton v. State, 908 So. 2d 1164 (Fla. 1st DCA 2005), we held that the trial court committed fundamental error by instructing the jury on the uncharged alternative theory of sexual union because it was impossible to determine from the jury's general verdict whether the defendant was convicted based on the charged theory of sexual penetration or the uncharged theory of sexual union. However, after carefully reviewing the evidence and arguments presented at trial, we conclude that fundamental error did not occur in this case because the jury did not convict appellant based on the uncharged theory of sexual union.   *See* State v. Weaver, 957 So. 2d 586, 589 (Fla. 2007) (holding that the trial court does not commit fundamental error by instructing the jury on an uncharged element on which the state neither relied nor offered any evidence).   *Accord* Jomolla v. State, 990 So. 2d 1234, 1238 (Fla. 3d DCA 2008); Beasley v. State, 971 So. 2d 228, 230 (Fla. 4th DCA 2008); Abbott v. State, 958 So. 2d 1140, 1142 (Fla. 4th DCA 2007).

Ross, 31 So. 3d at 859.   The state court's ruling is entitled to deference and review is limited to the record before the state court.   *See* Cullen, 131 S.Ct. at 1388.

"State court jury instructions ordinarily comprise issues of state law and are not subject to federal habeas corpus review absent fundamental unfairness."   Jones v. Kemp, 794 F.2d 1536, 1540 (11th Cir. 1986). When a federal habeas petitioner challenges a state trial court jury instruction as improper, "[t]he question in such a collateral proceeding is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process' . . . . not merely whether 'the

instruction is undesirable, erroneous, or even 'universally condemned.'"

Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten,

414 U.S. 141, 147 (1973)).   "A defective jury charge raises an issue of

constitutional dimension only if it renders the entire trial fundamentally

unfair."   Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983).

Indeed, "federal courts on habeas review are constrained to determine only

whether the challenged instruction, viewed in the context of both the entire

charge and the trial record, 'so infected the entire trial that the resulting

conviction violated due process.'"   Jamerson v. Sec'y for Dep't of Corr.,

410 F.3d 682, 688 (11th Cir. 2005) (quoting Estelle, 502 U.S. at 72); *see,*

*e.g.*, Agan v. Vaughn, 119 F.3d 1538, 1545 (11th Cir. 1997) ("A defendant's

right to due process is not violated unless an erroneous instruction, when

viewed in light of the entire trial, was so misleading as to make the trial

unfair."); Jacobs v. Singletary, 952 F.2d 1282, 1290 (11th Cir. 1992) ("An

error in instructing the jury cannot constitute a basis for habeas relief

unless the error 'so infected the entire trial that the resulting conviction

violates due process.'" (quoting Henderson, 431 U.S. at 154)).

　　　　Here, the trial transcript reflects that the trial judge instructed the jury

in pertinent part:

> Statement of charge.   Lasedrick M. Ross, the defendant
> in the case, has been accused of the crime of lewd or lascivious
> battery.   To prove the crime of lewd or lascivious battery, the
> State must prove the following two elements beyond a
> reasonable doubt:   One, [T.S.B.] was 12 years of age or older,
> but under the age of 16 years; and, two, Lasedrick M. Ross
> committed an act upon [T.S.B.] in which the sexual organ of
> Lasedrick M. Ross penetrated or had union with the vagina of
> [T.S.B.].
>
> Union means contact.   However, any act done for
> bonafide medical purposes is not a lewd or lascivious
> battery. . . .

Ex. C at 161-62.   The State charged Ross with lewd or lascivious battery

by penetration and the State's theory of the case was that Ross raped the

victim.   Ex. A at 1; Ex. C at 170.   The victim testified at trial that Ross put

his penis inside her vagina for "[a]bout three to five minutes" and then "he

stopped and he took his penis out of me."   Ex. C at 44-45; *see id.* at 51.

Ross admitted to the police investigator that he had "vaginal or penal" sex

with the victim.   Ex. C at 106, 111-12.   The evidence in the trial transcript

thus supports the charge of actual penetration and also supports the

appellate court's holding that the jury did not convict Ross based on an

uncharged theory of sexual union.   The jury instruction was not so

misleading as to render the trial unfair such that Ross's conviction violates

due process.

Petitioner Ross has not shown that the state court's adjudication of this ground involved an unreasonable application of clearly established federal law or that it based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2).   This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner Lasedrick Ross is not entitled to federal habeas relief.   The amended § 2254 petition (ECF No. 8) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (ECF No. 8).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.   The Clerk shall substitute Julie L. Jones for Michael D. Crews as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on August 2, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

     Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.